Entered: May 28th, 2021
Signed: May 28th, 2021



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>JACQUELINE K. PIETERSE,<br><br>        Debtor. | Case Number:  20-17425-MCR<br>(Chapter 11) |
| JACQUELINE K. PIETERSE, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>TYLER DONEGAN DUNCAN REAL<br>ESTATE SERVICES, INC., *et al.*,<br><br>        Defendants. | Adversary Number:  21-00061-MCR |

### MEMORANDUM OPINION REGARDING
### <u>ORDER ABSTAINING FROM EXERCISING JURISDICTION</u>

In this adversary proceeding, Plaintiff Jacqueline Kathleen Pieterse ("<u>Pieterse</u>") and

Plaintiff Jeffrey M. Cahall ("<u>Cahall</u>"; jointly with Pieterse, the "<u>Plaintiffs</u>") seek declaratory

relief and compensatory and punitive damages in connection with a judgment obtained against

them in state court prior to the commencement of Pieterse's Chapter 11 bankruptcy case.  On

May 6, 2021, this Court issued an Order Directing All Parties to Show Cause Why Court Should Not Abstain From Exercising Jurisdiction [Dkt. No. 24] (the "Show Cause Order"). All parties in this adversary proceeding filed responses with the exception of Defendant John C. Hanrahan, who the Court excused from responding.

For the reasons stated below, the Court will abstain from exercising jurisdiction over the claims asserted in this adversary proceeding.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      The State Court Litigation

On February 14, 2017, Tyler, Donegan, Duncan Real Estate Services, Inc. and TD Healthmed Realty Partners, LLC filed a complaint in the Circuit Court for Frederick County (the "State Court"), against Pieterse, Cahall, Keith Clever, HMRP, Inc. and TD Healthmed Realty Partners – Robinwood, LLC, asserting causes of action for breach of employment contract (Count I), interference with contracts (Count II), interference with prospective advantage (Count III), conversion (Count IV), civil conspiracy (Count V) and accounting (Count VI). Compl. [Dkt. No. 1] (cited herein as "Compl.") at ¶¶ 21-22 and Exh. 1 (state court complaint). The State Court case is styled *Tyler Donegan Duncan Real Estate Services, Inc., et al. v. Jeffrey Cahall, et al.*, Case Number 10-C-17-000401, and referred to herein as the "State Court Action."

On April 19, 2017, Pieterse, Cahall and TD Healthmed Realty Partners – Robinwood, LLC filed a countercomplaint against the State Court plaintiffs and Chad Tyler, asserting five causes of action, including unjust enrichment (Count III), tortious interference (Count IV) and defamation (Count V). *See* docket for State Court Action.[1]  The other two causes of action are

---

[1] The Court can take judicial notice of public filings. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

not readily apparent from the docket for the State Court Action or from the Complaint filed herein. On August 10, 2017 and December 8, 2017, some or all of the State Court defendants/counter-plaintiffs filed an amended countercomplaint adding two causes of action that are not specified in the record (Counts VI and VII) and a second amended countercomplaint adding a cause of action for breach of contract (Count VIII), respectively. *See* docket for State Court Action. At some point during the proceedings, the State Court defendants/counter-plaintiffs dismissed Counts I, II, VI and VII of their countercomplaint and dismissed Pieterse as a counter-plaintiff. Compl. Exh. 10 (State Court's opinion and order) at p. 8.

On April 15, 2018 and September 6, 2018, the plaintiffs in the State Court Action filed an amended complaint adding a cause of action for tradename/trademark infringement (Court VII) and a second amended complaint adding a cause of action for *lis pendens* (Court VIII), respectively. Compl. at ¶¶ 25 and 28 and Exhs. 3 and 5 (state court amended and second amended complaints).

The State Court held a bench trial over 12 nonconsecutive days from March 11, 2019 to April 17, 2019. Compl. Exh. 10 (State Court opinion and order) at p. 8. During the trial, the State Court granted motions for judgment on all counts of the Complaint as to Keith Clever and on Count III of the Complaint (which sought judgment against all the State Court defendants for interference with prospective advantage) in its entirety. *Id.*

On July 9, 2019, the State Court entered judgment in favor of the plaintiffs and against Cahall for breach of contract (Count I), against Pieterse and Cahall for interference with contracts (Count II), against Cahall for conversion (Count IV) and against Pieterse and Cahall for civil conspiracy (Count V). Compl. at ¶ 37 and Exh. 10 (State Court opinion and order) at

pp. 9-22 and 30.  The State Court awarded damages to the plaintiffs in the total amount of

$442,785.67.  Compl. Exh. 10 (State Court opinion and order) at p. 30.  The State Court

determined that the equitable remedy of an accounting (Count VI) was not appropriate in light

of the award of damages and that the claim for "lis pendens" (Count VIII) was not an

appropriate remedy.  Compl. Exh. 10 (State Court opinion and order) at p. 30.  With respect to

the tradename/trademark infringement claim (Count VII), the State Court enjoined the

defendants from using the name "HMRP, Inc." or the name "TD Healthmed Realty Partners –

Robinwood, LLC" and ordered the defendants to cancel the registration of those names with

the Maryland Department of Assessments and Taxation.  Compl. at ¶ 51 and Exh. 10 (State

Court judgment) at p. 30.  The State Court rejected all of the defendants/counter-plaintiffs'

claims.  Compl. Exh. 10 (State Court judgment) at pp. 22-26.

On March 30, 2020, the State Court amended the amount of the judgment to the

following:

| | |
|---|---|
| Damages for breach of contract against Cahall, individually | $342,923.79 |
| Damages for conversion against Pieterse and Cahall, jointly and severally | $342,923.79 |
| Damages for interference with contract against Cahall, individually | $8,723.40 |
| Damages for interference with contract against Pieterse and Cahall, jointly and severally | $24,600.00 |
| Total judgment against Pieterse | $367,523.79 |
| Total judgment against Cahall | $376,247.19 |

Compl. at ¶ 49 and Exh. 11 (State Court amended judgment) at p. 3.  The amended judgment

states that all other provisions of the July 9, 2019 order "remain in full force and effect as

though specifically set forth herein."  Compl. Exh. 11 (State Court amended judgment) at p. 3.

The State Court's judgment, as modified by the amended judgment, is referred to herein as the

"State Court Judgment."

On April 22, 2020, Pieterse and Cahall filed notices of appeal of the State Court Judgment to the Court of Special Appeals of Maryland (the "Court of Special Appeals"). *See* docket for State Court Action. The appellate case is styled *Jeffrey M. Cahall, et al. v. Tyler Donegan Duncan Real Estate Services, Inc., et al.*, Case Number CSA-REG-0195-2020 (the "First State Court Appeal"). It is the Court's understanding that this appeal is proceeding as to Cahall but has been stayed as to Pieterse as a result of her bankruptcy filing. *See* docket for First State Court Appeal.

On July 13, 2020, Pieterse filed a notice of appeal of what appears to be a post-judgment discovery order to the Court of Special Appeals. *See* docket for State Court Action. The appellate case is styled *Jacqueline Pieterse v. Tyler Donegan Duncan Real Estate Services, Inc.*, Case Number CSA-REG-0450-2020 (the "Second State Court Appeal"). It is the Court's understanding that this appeal has been stayed as a result of Pieterse's bankruptcy filing. *See* docket for Second State Court Appeal.

B.    The Bankruptcy and Adversary Proceedings

On August 7, 2020, Pieterse filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

Despite the pendency of the appeal of the State Court Judgment, on March 9, 2021, Pieterse and Cahall commenced the instant adversary proceeding in this Court by filing a Complaint [Dkt. No. 1] (the "Complaint") against Defendants Tyler Donegan Duncan Real Estate Services, Inc. ("TDD"), TD Healthmed Realty Partners, LLC ("TD Healthmed"), Chadley S. Tyler ("Tyler"), Joseph Donegan ("Donegan"), Brian K. Duncan ("Duncan"), John M. Robinson ("Robinson"), John H. Doud, III ("Doud") and John C. Hanrahan ("Hanrahan").

TDD, TD Healthmed, Tyler, Donegan, Duncan, Robinson, Doud and Hanrahan are referred to collectively herein as the "Defendants" unless otherwise stated.

The gravamen of the Complaint is that the State Court Judgment was based on an alleged "illegal" employment contract between Cahall and TDD. The other remaining Defendants are either affiliated with TDD or represented TDD in the State Court Action. The Complaint alleges that the employment contract between Cahall and TDD was illegal because Cahall was not a licensed realtor and/or broker and could not be employed by TDD in the capacity in which he was hired. Therefore, the Complaint asserts that there could be no damages arising from the breach of the alleged illegal contract and the continued pursuit of the State Court Judgment perpetrates a fraud upon the State Court and this Court.

Count I of the Complaint asserts a claim for "void judgment and invalid lien" and alleges "[i]n rendering the judgment against Pieterse, the trial court acted without any authority, discretionary or otherwise, and lacked subject matter jurisdiction over these issues" and "in rendering the judgment against Pieterse based on these unpled issues, the trial court did not provide Pieterse with adequate notice or an opportunity to conduct a reasonable discovery or an opportunity to present an adequate defense at trial, thereby depriving Pieterse of her constitutional rights to due process, as provided her by the 14th Amendment to the United States Constitution." Compl. at pp. 46-48. Count I requests that the Court (i) declare that the State Court Judgment is void, (ii) vacate the State Court Judgment, (iii) declare that the judicial lien against the home of Pieterse arising from the State Court Judgment is invalid and of no further force and effect, and (iv) declare the claim in Pieterse's bankruptcy case arising from the State Court Judgment is invalid and of no further force and effect. Compl. at p. 48.

Count II asserts a claim for "fraud perpetuated upon the Plaintiffs" and alleges that the Defendants "concocted a scheme to defraud Plaintiffs and as part of that scheme, made several material false statements and promises and [sic] to Plaintiffs" and "commenced and maintained a civil litigation against Plaintiffs in order to obtain a fraudulent judgment against Plaintiffs." Compl. at pp. 48-49.  Count II requests compensatory damages of $750,000 and punitive damages of $1,500,000 against all Defendants, jointly and severally.  Compl. at p. 49.

Count III asserts a claim for "civil conspiracy to perpetuate a fraud upon the Court" and alleges "Defendants, TDD, Tyler, Donegan, Duncan, Robinson and Doud, intentionally and with malice toward the Plaintiffs, concocted a scheme to secure a judgment against Plaintiffs by deceiving the state courts and this Court through a planned and calculated series of lies, misrepresentations, half-truths and obfuscations with respect to the law and facts applicable to the litigation they brought in the state court against Plaintiffs" and "the Defendants intentionally, knowingly and with actual malice toward the Plaintiffs, colluded and conspired to perpetuate a fraud upon the state courts and this Court in order to secure a favorable judgment against Plaintiffs."  Compl. at pp. 49-52.  Count III requests compensatory damages of $750,000 and punitive damages of $1,500,000 against all Defendants, jointly and severally. Compl. at p. 52.

Count IV asserts a claim for "civil conspiracy to defraud the Plaintiffs" and alleges "[t]he Defendants, TDD, Tyler, Donegan, Duncan, Robinson and Doud, colluded and conspired to defraud the Plaintiffs, made false representations to Plaintiffs knowing that the representations were false or made the false statements with reckless disregard for the truth, and made the statements with [sic] the express purpose of defrauding the Plaintiffs."  Compl.

at p. 52. Count IV requests compensatory damages of $750,000 and punitive damages of $1,500,000 against all Defendants, jointly and severally. *Id.*

Count V asserts a claim for "aiding and abetting" and alleges "Defendants, Hanrahan, Robinson and Doud, knowingly and intentionally engaged in egregious misconduct in violation of the legal, professional and ethical duties and outside the scope of their employment by the other Defendants and for their individual benefit, in order to aid and abet TDD, Tyler, Donegan and Duncan in their scheme to perpetrate a fraud upon the Plaintiffs and a fraud upon the courts, and obtain a wrongful judgment against Plaintiffs and attempt to collect on that wrongful judgment against Plaintiffs" and "Hanrahan, Robinson and Doud knew that their misconduct would result in the tortious acts of the other Defendants." Compl. at p. 53. Count V requests compensatory damages of $750,000 against all Defendants, jointly and severally. *Id.*

On April 8, 2021, Hanrahan filed a Motion to Dismiss Adversary Proceeding as to John C. Hanrahan [Dkt. No. 9], on May 5, 2021, Pieterse and Cahall filed a Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Adversary Complaint [Dkt. No. 19], and on May 17, 2021, Hanrahan filed Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint [Dkt No. 31]. On May 27, 2021, the Court held a hearing on Hanrahan's motion to dismiss and the related responses. Contemporaneously with the entry of this Memorandum and an accompanying order, the Court is issuing a memorandum opinion and order granting Hanrahan's motion and dismissing the Complaint with prejudice as to him.

Upon review of the record in this matter, and in light of the ongoing State Court Action, the Court entered the Show Cause Order directing the parties to show cause why the Court should not abstain from exercising jurisdiction over this proceeding. With the exception of

Hanrahan (to whom the Show Cause Order did not apply), all parties filed a response to the Show Cause Order. The Plaintiffs maintain that this Court should retain jurisdiction over this proceeding, but they propose that the Court stay consideration of Counts II through IV and proceed only as to Count I. Their response to the Show Cause Order does not address Count V. Robinson and Doud assert that this Court should retain jurisdiction over the Complaint. The remaining Defendants (TDD and its related parties) argue that either mandatory or permissive abstention is warranted under the facts of this case.

The Court has considered the Complaint and the exhibits thereto, the Defendants' motions to dismiss [Dkt. Nos. 8, 9 and 12], the Plaintiffs' oppositions to the motions to dismiss [Dkt. Nos. 17, 18, 19 and 23], the Defendants' replies in support of dismissal [Dkt. Nos. 29, 31 and 32], the parties' responses to the Show Cause Order [Dkt. Nos. 30, 33 and 34] and the arguments presented at a hearing on May 27, 2021. For the reasons set forth herein, the Court exercises its discretion to abstain from exercising any further jurisdiction over this proceeding pursuant to the permissive abstention provision of 28 U.S.C. § 1334(c)(1).

II.     STANDARD FOR DISCRETIONARY ABSTENTION

Section 1334(c)(1) of Title 28 of the United States Code, which authorizes discretionary abstention by a federal court, provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). A court has the discretion to abstain from a proceeding if the interests of justice or considerations of comity warrant abstention. *In re Railworks Corp.* 345 B.R. 529, 540 (Bankr. D. Md. 2006). "Although abstention is the exception rather than the rule, the

decision to abstain is within the sound discretion of the court." *Barge v. Western Southern Life Ins. Co.,* 307 B.R. 541, 547 (S.D. W. Va. 2004).

Numerous factors have been identified for discretionary abstention, including: (1) efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding. *In re Railworks Corp.*, 345 B.R. at 540, n.6. These factors should be applied on a case by case basis with no one factor necessarily determinative. *Barge v. Western Southern Life Ins. Co.,* 307 B.R. at 547.

III.    <u>ANALYSIS</u>

A.    <u>The Railworks Factors</u>

Consideration of the *Railworks* factors weighs strongly in favor of this Court abstaining from exercising jurisdiction over this matter. The Court will address each factor in turn.

The first factor – the efficiency in the administration of the debtor's estate – weighs neither in favor nor against abstention in this case. The ongoing litigation will have the same impact on the administration of the Debtor's bankruptcy case regardless of where it proceeds

because any plan of reorganization proposed by Pieterse will need to account for the various outcomes of the litigation or await the resolution of the litigation. Whether TDD's claim is the largest claim in Pieterse's bankruptcy and whether Pieterse identified her claim against the Defendants as an asset are not relevant for purposes of considering this factor. The inquiry centers on whether this adversary proceeding will impact the efficient administration of Pieterse's bankruptcy estate. The Court finds it will not.

The second and third factors – the extent to which state issues predominate over bankruptcy issues and whether the issues would be better addressed by the state court – weigh heavily in favor of abstention. The claims asserted in the Complaint are grounded in state law, and more importantly, the allegations in the Complaint, including the allegations against Robinson and Doud, were addressed or could be addressed in the State Court Action and in the pending appeal. *See, e.g.*, Compl. Exh. 10 (Opinion and Order addressing merits of breach of contract and other claims against Pieterse and Cahall); Robinson and Doud's Resp. To Order to Show Cause, Exh. 6 (motion for sanctions asserting misconduct by the Defendant, including Robinson and Doud, and alleging fraud upon the court). Any allegations regarding the propriety and enforceability of the State Court Judgment and the purported misconduct of the State Court plaintiffs and their counsel in obtaining the State Court Judgment should be addressed by the court that presided over the underlying litigation in which the fraud and misconduct allegedly occurred.

The fourth factor – the presence of a related proceeding commenced in state court – weighs in favor of abstention. The State Court Judgment was issued after a 12-day trial conducted by the State Court. The Plaintiffs appealed the State Court Judgment and the appeal is currently pending. It would be a more efficient use of judicial resources to allow the appeal

to run its course as to both Plaintiffs rather than litigating the same issues in separate courts, which could lead to inconsistent results.

As for the fifth factor, there is no federal jurisdictional basis for the Complaint separate and apart from Pieterse's bankruptcy case, and the parties do not suggest that one exists. There is no federal question presented and no diversity of citizenship. *See* 28 U.S.C. §§ 1331 and 1332. Accordingly, this factor weighs in favor of abstention.

The sixth and twelfth factors – the degree of relatedness or remoteness of the proceeding to Pieterse's bankruptcy case and the involvement of nondebtor parties – weigh in favor of abstention. Although this proceeding affects the bankruptcy case in that TDD's claim could be affected by the appeal and/or Pieterse may prevail in the appeal and thereby have a potential asset (*i.e.*, a judgment against some or all of the remaining Defendants) that could be used to fund a plan, the issues raised in the Complaint are not bankruptcy-related issues. Also, with the exception of Pieterse and TDD, the other Plaintiff and Defendants are not parties in interest in Pieterse's bankruptcy case other than as parties to this adversary proceeding.

The seventh factor – the substance rather than form of an asserted "core" proceeding – neither weighs in favor of nor against abstention. This proceeding impacts the administration of the bankruptcy estate in the general sense that the outcome will determine how TDD's claim is treated by Pieterse in her bankruptcy case, and if the Plaintiffs prevail, then TDD's judgment lien against Pieterse's real property would be invalidated. The claims asserted in the Complaint are not core claims in substance. Although Count I purports to have this Court determine the validity of TDD's lien, the lien is based on a judgment that has not been overturned. As long as the State Court Judgment remains in place, this Court could conclude nothing other than that the lien arising from the State Court Judgment is valid. The real question (the substance of the

claim) is whether the State Court Judgment is valid and enforceable. As stated earlier, this issue should be adjudicated in the State Court and/or in connection with the pending appeal. After adjudication by the State Court, the Court of Special Appeals and/or the Court of Appeals of Maryland (if applicable), this Court can apply the doctrine of *res judicata* to enforce any claim and lien TDD may have and/or any claim Pieterse may have against the Defendants.

The eighth factor – the feasibility of severing state law claims from core bankruptcy matters – weighs in favor of abstention as the Complaint does not assert any state court claims that need to be severed from bankruptcy matters.

The ninth factor – the burden on this Court's docket – does not weigh in favor of or against abstention. Both the bankruptcy courts and the state courts have significant caseloads that will increase in the coming months as various pandemic-related moratoriums come to an end. Nevertheless, Cahall's appeal is already under consideration by the Court of Special Appeals. Although it is unknown whether Pieterse's issues on appeal differ from Cahall's issues on appeal, the Court reviewed Cahall's appellate brief, and the issues raised therein appear to be identical to the issues raised in the Complaint. Thus, it appears that resolution of Cahall's appeal should be determinative of most, if not all, of the issues raised in the Complaint. The issues raised in the Complaint can be more efficiently addressed in the context of the already pending appeal.

The tenth factor – the likelihood that the proceeding in federal court involves forum shopping – likely weighs in favor of abstention. It appears that the Complaint raises issues that were addressed in the State Court Action and that the Plaintiffs may be seeking the proverbial second bite at the apple by filing the Complaint in this Court. The Court understands the Plaintiffs do not agree with the States Court Judgment, but this Court will not examine and

decide the propriety of a state court order.  Instead, to preserve all of the parties' rights, the Court will abstain and terminate the automatic stay to allow the parties to litigate the State Court Judgment to a final, nonappealable judgment.

The final factor – the existence of a right to a jury trial – neither weighs in favor of nor against abstention.  The Plaintiffs have demanded a jury trial on Counts II through V of the Complaint.  This Court is able to accommodate jury demands by withdrawing the reference to the United States District Court for the District of Maryland.  Nevertheless, the Plaintiffs were already afforded a 12-day jury trial in the State Court Action so it is unclear whether a further jury trial would be warranted upon abstention.  That is for the State Court to decide.  Also, any jury trial rights with respect to the Plaintiffs' claims against Robinson and Doud would be the same regardless of whether the Plaintiffs' claims are pursued in this Court or in State Court.

B.      Most Compelling Considerations

After considering the *Railworks* factors, the Court concludes that it should exercise its discretion and abstain from exercising further jurisdiction over the claims in the Complaint. The Court finds the risk of inconsistent results and the interest of comity with the State Court to be the most compelling reasons for abstention.

Inconsistent results would wreak havoc in what has already become difficult and time consuming litigation.  If the Plaintiffs' claims were to proceed in this Court while Cahall's claims proceed on appeal, it is conceivable that this Court and the state appellate court could reach diametrically opposed conclusions.  Inconsistent results based on the very same claims and arguments would serve no one's interests, would further complicate the proceedings and would most certainly lead to more costly and timely litigation.

Comity with the State Court is just as compelling a reason to abstain.  The State Court is best positioned to address allegations of misconduct in connection with one of its proceedings, and the state appellate courts are designed to hear and determine appeals from the state trial courts.  The parties argued in their motions to dismiss and responses whether the *Rooker-Feldman* doctrine precludes this Court from determining the claims in the Complaint. The Court does not determine whether the *Rooker-Feldman* doctrine applies, but the policy reasons behind it and other similar preclusive doctrines (such as the doctrines of *res judicata* and collateral estoppel) are premised on principals of comity and the courtesy, consideration and respect shown by one court to another.  This Court will not attempt to determine the validity and enforceability of another court's judgment, especially when the other court's judgment is based on a lengthy trial and protracted litigation.  For good reason, that review should be undertaken by the court that issued the judgment and those courts vested with appellate jurisdiction over such judgments.

C.      Mandatory Abstention

Finally, there was discussion at the May 27, 2021 hearing regarding the TDD-related parties' response to the Show Cause Order, which includes a motion for mandatory abstention. The Court may consider mandatory abstention only upon a timely motion of a party.  28 U.S.C. § 1334(c)(2).  Although the TDD parties' motion was timely, the Court's briefing schedule did not account for a possible motion for mandatory abstention and therefore other parties did not have a sufficient opportunity to brief whether abstention by the Court is mandatory.  Given that the Court finds sufficient grounds to exercise its discretion to abstain, the Court will not require the parties to brief the merits of a mandatory abstention.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court will abstain from exercising further jurisdiction over the claims asserted in this proceeding.  The Court will also modify the automatic stay imposed by Section 362 of the Bankruptcy Code to allow the First State Court Appeal (*i.e.*, *Jeffrey M. Cahall, et al. v. Tyler Donegan Duncan Real Estate Services, Inc., et al.*, Case Number CSA-REG-0195-2020) and the Second State Court Appeal (i.*e., Jacqueline Pieterse v. Tyler Donegan Duncan Real Estate Services, Inc.*, Case Number CSA-REG-0450-2020) to continue to final judgments and/or to otherwise pursue the claims asserted in the Complaint to a final judgment in the State Court, the Court of Special Appeals and/or the Court of Appeals (as applicable).  The Court will retain jurisdiction with respect to the allowance or disallowance of claims the Defendants may have in Pieterse's bankruptcy case upon the final resolution of the aforementioned appeals and/or any other proceedings commenced or continued in the State Court, the Court of Special Appeals and/or the Court of Appeals of Maryland consistent with the terms of this Order.  Because the Court no longer has jurisdiction to consider the remaining claims in the Complaint, the Court will dismiss the Complaint without prejudice.  An order consistent with this Memorandum will be issued contemporaneously herewith.

cc:     All parties
        All counsel

**END OF OPINION**